UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ERIC C. DAVIS**                                              **CIVIL ACTION**

**VERSUS**                                                     **NO. 16-4481**

**STATE OF LOUISIANA**                                         **SECTION: "B" (4)**

ORDER AND REASONS

**I.   NATURE OF MOTION AND RELIEF SOUGHT**

Before the Court is Petitioner Eric C. Davis' application for a writ of habeas corpus under 28 U.S.C. §2254(e)(1) alleging he was convicted based on insufficient evidence. (Rec. Doc. 1-2.) The matter was referred to United States Magistrate Judge Karen Wells Roby to conduct a hearing, if necessary. She issued a Report and Recommendation ("Report") to dismiss the petition with prejudice because there was no merit based on Davis' claims of insufficient evidence and the matter could be disposed of without an evidentiary hearing. (Rec. Doc. 9.) In response to the Report, Petitioner timely filed objections and requested that the Court reject the Report. (Rec. Doc. 16.) For the reasons outlined below,

**IT IS HEREBY ORDERED** that the Report is **ADOPTED.**

**IT IS FURTHER ORDERED** that the objections are **OVERRULED.**

**IT IS FURTHER ORDERED** that Petitioner's claims are hereby **DISMISSED** with prejudice.

**II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Petitioner was charged and convicted under La. R.S. 14:98(A)(E) for operating a motor vehicle while intoxicated (DWI) for a "fourth or subsequent offense." (Rec. Doc. 9). Davis was identified as the driver of a pickup truck colliding into two lanes of traffic. (Rec. Doc. 9). The collision caused the pickup truck's hood to open and Davis exited his car and closed the hood. (Rec. Doc. 9). Davis instructed those gathered at the crash site to make way for him. Davis re-entered his vehicle, struck a guardrail, and proceeded to drive away. (Rec. Doc. 9). As Davis completed this maneuver, his truck's engine was smoking and a witness copied the truck's license plate. (Rec. Doc. 9).

A Deputy from the Jefferson Parish Sherriff's Office noticed Davis driving with a smoky engine and activated his police car's lights. (Rec. Doc. 9). After observing Davis, the Deputy dispatched for a DWI officer to arrive on location. (Rec. Doc. 9). The assisting officer determined that Davis was involved in the earlier hit-and-run accident. (Rec. Doc. 9). The Deputy found Davis' posture sluggish, his speech slurred, and his eyes reddened. (Rec. Doc. 9). Davis complained to the Deputy of neck, back, and stomach pain which he said he received because another car ran him off the road. (Rec. Doc. 9). Because of these injuries, no field sobriety test was given. (Rec. Doc. 9). When asked about any medications or medical conditions, Davis stated that he had taken one or two

2

Alprazolam, a generic form of Xanax, earlier in the day. (Rec. Doc. 9).

An ambulance transported Davis to the emergency room. (Rec. Doc. 9). Davis told an emergency medical technician he had ingested Alprazolam. (Rec. Doc. 9). At the emergency room, Davis was found to be in possession of a prescription bottle of Alprazolam made in his name and filled earlier in the day with forty pills dispensed. (Rec. Doc. 9). The bottle only contained twenty-one pills and Davis explained that some of the pills may have spilled in his pickup truck. (Rec. Doc. 9). Davis' emergency room physician, Dr. Morse, requested testing on urine and blood samples to rule out causes for Davis' slurring and unsteadiness. (Rec. Doc. 9). Dr. Morse then diagnosed Davis with acute benzodiazepine intoxication and neck strain. (Rec. Doc. 9).

Davis was found guilty and sentenced to fifteen years in prison without benefit of parole, probation, or suspension of sentence. (Rec. Doc. 9). Davis appealed his conviction to the Louisiana Fifth Circuit where his conviction was affirmed. *State v. Davis*, 128 So. 3d 1195 (La. App. 5th Cir. 2013). Davis averred there was insufficient evidence to support the verdict contending that the diagnosis was unreliable, the evidence did not prove his intoxication, and that he was not adequately warned about combining Alprazolam with alcohol. *Id.* The Louisiana Supreme Court denied without reason the related writ. *State v. Davis*, 139 So. 3d 1023

3

(La. 2013).Petitioner did not seek a writ of certiorari with the United States Supreme Court. (Rec. Doc. 9).

Petitioner filed an application for post-conviction relief with the state trial court asserting eight grounds for relief: (1) his conviction was obtained following an illegal search and seizure; (2) he was denied compulsory process to have rebuttal witnesses to contradict the medical transcripts; (3) his confession at the hospital was coerced; (4) he was denied equal protection and due process where his statements to medical personnel were used against him; (5) the state trial court erred in using his past character to find that he acted in conformity therewith; (6) he was denied effective assistance of counsel; (7) improper testimony on the medical examination; and (8) the prosecution withheld favorable evidence by failing to produce medical records to show he was not intoxicated. (Rec. Doc. 9).

The Trial Court determined claims (1); (2); (3); (4); (5); (7); and (8) were barred from post-conviction review under La. Code. Crim. P. art. 930.4(C) because the claims could have been and were not raised on direct appeal. (Rec. Doc. 9). The court found no merit in Davis' sixth claim asserting ineffective assistance of counsel. (Rec. Doc. 9). The Louisiana Fifth Circuit denied Davis' writ application finding no error in the trial court's ruling. (Rec. Doc. 9). The Louisiana Supreme Court denied Davis' subsequent writ application without stated reason. *State*

*ex. rel. Davis v. State*, 178 So.3d 583 (La. 2015)

Petitioner's federal habeas corpus petition was filed on May 9, 2016. (Rec. Doc. 1). Davis argues the verdict is unsupported in light of evidence absent from the trial such as the details of the prescription and dosing, the chain of custody for the bottle of pills, and the lack of testing on the pills to confirm if they were Alprazolam. (Rec. Doc. 1). Davis asserts there is insufficient evidence to establish that his symptoms arose from intoxication rather than head trauma. (Rec. Doc. 1). Magistrate Judge Karen Wells Roby issued a Report recommending Davis' petition be denied and dismissed with prejudice on October 5, 2016. (Rec. Doc. 9). Davis filed an objection to the report and recommendation on October 31, 2016. (Rec. Doc. 16).

**III. MAGISTRATE JUDGE REPORT AND RECOMMENDATIONS**

In her Report, the Magistrate Judge recommended that Petitioner's application for a writ of habeas corpus should be dismissed with prejudice. (Rec. Doc. 9). Judge Roby relied on the evidence at trial including the testimony of accident witnesses, law enforcement officials, and medical professionals to conclude "[there was sufficient evidence] to support the state trial court's finding that Davis was intoxicated while he was driving" (Rec. Doc. 9).

**IV.   PETITIONER'S OBJECTIONS**

In Davis' "Objection to Report and Recommendations" he maintains there was insufficient evidence to establish that he was intoxicated. (Rec. Doc. 16). He asserts that (1) there were no blood or urine samples placed into evidence; (2) his symptoms arose from head trauma during the accident and not intoxication; (3) the trial judge was influenced by a letter from a Jefferson Parish Councilman recommending that "Eric [Davis] needs to be treated like all other criminals with lengthy records and be put in jail for several years." (Rec. Doc. 16).

**V.   LAW & ANALYSIS**

    **A.   SUFFICIENCY OF EVIDENCE**

Davis' first and second objections amount to a challenge on the sufficiency of evidence. (Rec. Doc. 16). This court must defer to the state court's decision rejecting Petitioner's claim unless he shows that the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Williams v. Taylor*, 529 U.S. 362, 399 (2000). Further, claims of insufficient evidence are to be analyzed pursuant to the standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Jackson* held that "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond

6

a reasonable doubt." *Id.* at 319. In addition, Louisiana's circumstantial evidence standard, which requires that every reasonable hypothesis of innocence be excluded does *not* apply in federal *habeas corpus* proceedings, only the *Jackson* standard needs to be satisfied. *Foy v. Donnelly*, 959 F.2d 1307, 1314 n.9 (5th Cir. 1992). Further, review is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Under Louisiana law intoxication is defined "as the impairment, however slight, to the ability of a person to operate an automobile." *State v. Hightower,* 116 So. 3d 699, 703 (La. 1959). Victims and witnesses testified to Davis' erratic driving resulting in his truck colliding into two lanes of traffic. (Rec. Do. 16). They also testified to his behavior after the accident, which included Davis getting out of his car and yelling at onlookers. (Rec. Doc. 16). Law enforcement officials found Davis driving with his car's engine hood open and observed him to be slurring his words. (Rec. Doc. 16). Davis was asked if he was under any medication that may cause his words to slur and told the police deputies he had taken one or two Alprazolam that day. (Rec. Doc. 16). Davis volunteered this information again to the attending EMT and emergency room physician. (Rec. Doc. 16). Dr. Morse called for bloodwork to assure Davis' symptoms were attributable to the Alprazolam rather than his head injury. (Rec. Doc. 16). Based on

7

the results of that test, Dr. Morse concluded Davis was suffering from acute benzodiazepine intoxication. (Rec. Doc. 16). This evidence is more than sufficient for a rational trier of fact to conclude that Davis operated a vehicle while intoxicated.

### B. JUDGE BIAS

Davis contends the letter sent by the Jefferson Parish Councilman "unduly influenced the Judge in this matter." (Rec. Doc. 16). Under the Due Process Clause, a criminal defendant is guaranteed the right to a fair and impartial tribunal. *Bracy v. Gramley*, 520 U.S. 889, 904 (1997). General allegations of bias or prejudice are insufficient to establish a constitutional violation. *Richardson v. Quarterman*, 537 F.3d 466, 474 (5th Cir. 2008). A Councilman's request to treat Davis in light of his criminal record amounts to a general allegation of bias insufficient to contravene federal law. Nor does the request create a circumstance to taint the "appearance of justice." *Id.* The judge did not stand to gain personally or professionally from a harsher sentence. (Rec. Doc. 9). Thus, Davis' third objection is without merit.

**VI. CONCLUSION**

Because the Report does not present clear error and Petitioner failed to raise valid objections,

**IT IS HEREBY ORDERED** that the Report is **ADOPTED.**

**IT IS FURTHER ORDERED** that the objections are **OVERRULED.**

**IT IS FURTHER ORDERED** that, in accordance with the Magistrate Judge's recommendation, Petitioner's claims are **DISMISSED** with prejudice.

New Orleans, Louisiana, this 13th day of March, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE